**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASLON GOOW, SR.,<br><br>Plaintiff,<br><br>v.<br><br>JOSE TORRES, et al.,<br><br>Defendants. | Civil Action No. 08-6285 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the court by way of three motions for attorney's fees filed by Defendants Jose Torres, James T. Witting, Tory Oswald, Patrick Papagni, Michael Finer, and the City of Paterson (collectively "Defendants"). (ECF Nos. 138-40). The Court has considered the parties' submissions in support of and in opposition to the instant motions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **DENIES** Defendants' motions.

**I.  BACKGROUND**

  A.   Factual History[1]

[Plaintiff Aslon] Goow is a former Councilman for the Second Ward in the City of Paterson, New Jersey. At the time relevant to this dispute, Goow also served as a Class II Special Officer in the Town of Haledon, New Jersey, a position carrying the same enforcement

---

[1] The below factual history is taken from the Third Circuit's summary of this case. *Goow v. Wittig*, --- F. App'x ---, 2014 WL 822995 (3d Cir. Mar. 5, 2014).

1

powers as a regular police officer—but only while the Special Officer is on duty and in the municipality where he is employed.

In the early morning hours of December 24, 2006, while at his home in the City of Paterson, Goow was stirred from his sleep by a noise outside which he believed was caused by two individuals attempting to steal his neighbor's vehicle. Goow immediately got in his vehicle, which was equipped with a police radio and emergency lights, and began pursuing the two individuals through the streets of Paterson. The pursuit continued onto the Garden State Parkway and lasted approximately 23 miles. At one point, Goow was joined in his pursuit by Paterson Police Officer Goodson. On the instruction of his supervisor, however, Officer Goodson discontinued his pursuit when the suspects crossed Paterson city limits. Undaunted by such boundaries, Goow continued the pursuit into the City of Clifton, New Jersey and southbound on the Garden State Parkway before eventually giving up the chase.

Following the incident, Paterson Police Chief James Wittig ordered the Commander of the Internal Affairs Unit to conduct an investigation into Goow's actions. That investigation was eventually handed over to Captain Troy Oswald. After interviewing Officer Goodson and consulting with an accident reconstruction expert, Captain Oswald determined that Goow had exceeded the speed limit during the pursuit. Accordingly, Captain Oswald issued Plaintiff a motor vehicle summons for speeding. The summons was eventually dismissed on a motion by the Passaic County Prosecutor.

At a Council meeting on January 23, 2007, Goow made a public statement about his December 24, 2006 pursuit. He complained about the Paterson Police Department's investigation into his actions and insinuated that the department had acted wrongly in breaking off the pursuit. The following month, an unidentified person telephoned Captain Oswald to

2

complain about Goow's comments. The caller stated that Goow should not be permitted to act as "some kind of super cop" in light of his past history of criminal offenses. Chief Wittig instructed Captain Oswald to investigate these allegations further and, more specifically, to determine whether Goow had a past criminal history that would disqualify him from having a permit to carry a weapon.

During this second investigation, Captain Oswald discovered inconsistent answers on Goow's two previous gun permit applications from 1995 and 2004. On the earlier application, Goow acknowledged being adjudged a juvenile delinquent, but he denied as much on the later application. Captain Oswald advised Chief Wittig that he believed the inconsistency was because Goow's records had been expunged. Following up on this belief, Chief Wittig obtained the expunged records from the Paterson Police Records Bureau and gave them to Captain Oswald. These documents indicated that Goow had been arrested and/or convicted more than 15 times, had served time in the Passaic County jail, and had submitted two applications for expungement, both of which were granted.

Captain Oswald then forwarded the investigation to the Passaic County Prosecutor's Office to determine whether Goow was properly hired as a Special Officer and whether the expunged records disqualified him from carrying a firearm. The Prosecutor's Office responded that it did not want to investigate or charge Goow. Accordingly, Chief Wittig directed Captain Oswald to take no further action.

B. Procedural History

In December 2008, Goow filed a complaint against Defendants in this Court. (ECF No. 1). Subsequently, in September 2009, Goow filed an eight count Amended Complaint. (ECF No. 18). Goow alleged therein that Defendants violated his Fourth, Fifth, and Fourteenth

Amendment rights. (*Id.*). Goow also alleged that Defendants violated two New Jersey criminal laws. (*Id.*). Goow filed a motion for leave to file a second amended complaint in June 2010, which Judge Claire C. Cecchi denied in August 2011. (ECF Nos. 34, 63). Upon the completion of discovery, in November 2012, Defendants filed a motion for summary judgment on all claims. (ECF No. 111). In January 2013, after filing a brief in opposition to Defendants' motion for summary judgment, Goow again sought leave to file a second amended complaint. (ECF No. 121). Goow included therein two new claims for relief: a First Amendment retaliation claim and a New Jersey Civil Rights Act Claim. (Ex. C., ECF No. 121-2).

On March 6, 2013, this Court issued an Opinion and Order denying Goow's motion for leave to amend and granting Defendants' motion for summary judgment. Goow subsequently appealed the Court's judgment to the Third Circuit. (ECF No. 136). On March 5, 2014, the Third Circuit affirmed this Court's judgment. *Goow*, 2014 WL 822995.

Throughout the course of this litigation, two different sets of attorneys represented Goow. Initially, Aslan T. Soobzokov represented him. (ECF No. 1). In June 2011, Soobzokov filed a motion for leave to withdraw as counsel, which Judge Cecchi granted in September 2011. (ECF Nos. 54, 74). Marc B. Frost, appearing *pro hac vice*, and Ryan Lockman subsequently took over the representation of Goow's case. (ECF Nos. 77, 81). They still represent Goow at this time. (ECF No. 144).

## II. LEGAL STANDARD[2]

Section 1988(b) of Title 42 of the United States Code provides that a court may, at its discretion, award a reasonable attorney's fee to a prevailing party in a 42 U.S.C. § 1983 action.

---

[2] The standards for assessing claims for attorney's fees under 42 U.S.C. § 1988 and the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), are "identical." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 n.6 (3d Cir. 2001) (citations omitted). As such, "cases used to interpret one statute may be used to interpret the other." *Id.* (citations omitted).

"The 'prevailing party' can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent . . . ." *Barnes Found.*, 242 F.3d at 157-58 (citations omitted). Indeed, "a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Id.* at 158 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In applying these criteria, a court must resist the "temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg Garment Co.*, 434 U.S. at 421-22.

The Third Circuit has clarified that "'[d]eterminations regarding frivolity are to be made on a case-by-case basis,'" and has provided courts with seven guidelines to consider when ruling on motion for attorney's fees when the prevailing party is a defendant. *Barnes Found.*, 242 F.3d at 158 (quoting *Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1983)). These guidelines, which are "not strict rules," are: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial; (4) whether there were any issues of first impression; (5) whether the controversy was based sufficiently upon a real threat of injury to the plaintiff; (6) whether the trial court found that the suit was frivolous, and (7) whether the record supports a finding of frivolity. *Id.* (citations omitted). Ultimately, attorney's fees for prevailing defendants "are not routine, but are to be only sparingly awarded." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991).

### III. DISCUSSION

Defendants argue generally that Goow's claims were frivolous collectively for three reasons. First, Defendants argue that Goow filed this action against the City of Paterson and encouraged others to file suit against the City for political reasons; that is, he aimed "to have the

5

City of Paterson suffer monetarily and open to public scrutiny." (Defs.' Br. 25). Second, Defendants argue that Goow refused to engage in "meaningful" settlement negotiations with them, evidencing his "frivolous and unreasonable conduct." (*Id.* at 19). Third, Defendants argue that Goow's final attempt to file a Second Amended Complaint, in response to their motions for summary judgment, suggests that Goow recognized that his claims were frivolous. (*See id.* at 23). The Court addresses each argument in turn.

Defendants' first argument—that Goow brought this action against Defendant the City of Paterson and testified in other actions against the City for political reasons—is not a proper basis for the contention that they are entitled to attorney's fees. While the Court is mindful that a plaintiff's alleged subjective bad faith in bringing his claims has some bearing on whether those claims are frivolous, the Third Circuit has made it clear that the applicable standard for assessing the frivolity of a claim is an "objective" one. *Barnes Found.*, 242 F.3d at 151 (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). In this context, even if Defendants could demonstrate that Goow had a subjective bad faith, Defendants would still need to further establish which of Goow's claims are objectively frivolous and why in order to recover attorney's fees. *Cf. Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 426 (5th Cir. 2011) (noting that the Supreme Court's recent opinion in *Fox v. Vice*, --- U.S. ----, 131 S. Ct. 2205 (2011), requires a determination as to whether *each* of a plaintiff's claims is frivolous). Defendants have not done so here. Consequently, this Court cannot determine as a matter of law that Goow's claims were frivolous. Similarly unhelpful to Defendants' contention that they are entitled to attorney's fees is their attempt to establish that Goow breached an alleged fiduciary duty to the City of Paterson as a city councilman by bringing this action and testifying in other actions against the City. Defendants have cited to no law, and the Court is not cognizant of any, that suggests or

6

establishes that Goow owed the City such a duty. Furthermore, there is no explanation as to how the breach of such a duty supposing that it exists, necessarily makes Goow's claims frivolous.

Defendants' second argument—that Goow's "frivolous and unreasonable conduct is evident by his refusal to engage in meaningful settlement negotiations during the litigation of this matter"—is off the mark. (Defs.' Br. 19). The issue at bar is whether Goow's civil "*action* was frivolous, unreasonable or without foundation," *Christiansburg Garment Co.*, 434 U.S. at 421 (emphasis added), and not whether Goow's *conduct* during attempts to settle his action met that standard. That said, the Court continues its analysis of Defendants' second argument because, in recounting the history of their settlement negotiations with Goow, Defendants point out some of the deficiencies that they perceived in Goow's civil action. (*See* Defs.' Br. 19-21). Specifically, Defendants maintain that during a meeting at their counsels' office in April 2010, their counsel, William T. Conell and Michael J. Stone, informed Goow's initial counsel, Soobzokov, that they had no exposure in this action because Goow suffered no damages and because their investigation into Goow's eligibility to own and carry a handgun and to work as a Class II Special Officer was proper. (*Id.* at 20-21). Goow responds that "although [he] did not ultimately prevail on his civil claims, it was objectively reasonable for him—at the time of filing the lawsuit and during litigation—to believe that his lawsuit may have at least a kernel of merit." (Pl.'s Opp'n Br. 20, ECF No. 146). That belief, according to Goow, stemmed from the Department's search of his criminal records and attempt to obtain personnel files from the Town of Haledon, actions which he perceived as akin to a "witch hunt." (*Id.* at 19-20).

The Supreme Court has cautioned that "even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." *Hughes*, 449 U.S. at 15 (citation omitted). Here, Goow's decision to

7

file suit against Defendants was apparently grounded in his belief that Defendants' investigation may have been improper. Although the claims that Goow pursued based on that belief were indeed weak, and although the Court ultimately granted summary judgment in favor of Defendants, the Court is not convinced that those claims were as a matter of law frivolous. *See, e.g., Solomen v. Redwood Advisory Co.*, 223 F. Supp. 2d 681, 684 (E. D. Pa. 2002) ("The standard for finding frivolity or a lack of foundation . . . require[s] something beyond that which is required for granting . . . a motion for summary judgment."). After all, there is a "significant difference" between a weak claim with little chance of success and a frivolous claim with no chance of success. *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999). "[I]t is only the latter that permits defendants to recover attorney's fees." *Id.* (citation omitted).

Defendants' third argument—that Goow's final attempt to file a Second Amended Complaint amounted to an acknowledgment that his claims were frivolous—is unsupported and unpersuasive. Goow's attempt to amend his Complaint does not necessarily make the claims set forth therein frivolous. For the aforementioned reasons, Defendants have failed to convince this Court that it should exercise its discretion in their favor in this particular case and grant them attorney's fees. *See Quiroga*, 934 F.2d at 503 (noting that it is "clear" that attorney's fees "are to be only sparingly awarded" to prevailing defendants); *see generally EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) ("Determinations regarding frivolity are to be made on a case-by-case basis.").

8

## V. CONCLUSION

Accordingly, the Court **DENIES** Defendants' motions for attorney's fees.

An appropriate Order accompanies this Opinion.

DATED: 12th of June, 2014.

JOSE L. LINARES
U.S. DISTRICT JUDGE

Case 2:08-cv-06285-JLL-JAD Document 148 Filed 06/12/14 Page 9 of 9 PageID: 3752